◼ In the Matter of JAMES KINGSTON et al., Respondents. KLM ROYAL DUTCH AIRLINES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. In the Matter of JOSEPH SADALLAH et al., Respondents. KLM ROYAL DUTCH AIRLINES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the employer from a decision of the Unemployment Insurance Appeal Board, filed May 16, 1974, which adopted and affirmed a referee's decision, filed January 31, 1974, which sustained initial

determinations of the Industrial Commissioner that a group of claimants represented by the lead case of James Kingston were eligible for benefits without any disqualifying conditions. The appellant employer's notice of appeal in its title lists also another group of claimants represented by the lead case of Joseph Sadallah. The initial question posed upon this appeal is whether or not the group of claims represented in the administrative proceedings by the lead case of Joseph Sadallah have been properly brought before the court for review. In this regard, it appears that the Sadallah claims were determined by a referee in a decision dated February 13, 1974 and that the appellant employer did request review by the board or at least make known its intention to seek review of the decision in the Sadallah claims. However, the decision of the board appealed from refers only to the referee decision of January 31, 1974 which dealt solely with the claims represented in the Kingston proceedings and, accordingly, it is apparent that upon the present appeal those claims and claimants represented by the Sadallah proceedings are not before this court. Insofar as the appeal herein refers to the claims represented by Joseph Sadallah, that portion of the appeal is dismissed without prejudice. The claims represented by claimant James Kingston refer to a group of employees formerly employed by the appellant employer in its commissary. These claimants were discharged by the employer at the end of their work day on June 30, 1973 and, primarily as a result of such discharge, an industrial controversy was precipitated in the nature of a strike against the employer. The appellant employer in its brief concedes that since the claimants were dismissed as of the close of business operations on June 30, 1973 they were then eligible without any disqualifications for benefits. The appellant employer contends that because this group of claimants, after they had been discharged, participated on occasions in the picketing of the employer's premises, they were unavailable for employment and, therefore, disqualified. The question of unavailability is one of fact for the board and there is nothing in the present record which would conclusively establish that the claimants were unavailable for employment. Under such circumstances, the board's determination must be sustained on that issue. The appellant employer further contends that because the claimants participated in the strike as pickets they should be disqualified from benefits for the seven-week waiting period specified in subdivision 1 of section 592 of the Labor Law. However, the record clearly establishes that the claimants lost their employment prior to the industrial controversy or strike and, accordingly, there is no disqualification on that basis as subdivision 1 of section 592 of the Labor Law is inapplicable (*Matter of Weis* [*Catherwood— Gen. Motors Corp.*], 28 N Y 2d 267). The appellant employer's contention that the strike was unlawful as prohibited by Federal law is without any merit in regard to a disqualification from benefits for these particular claimants because they had been discharged prior to any strike. The record establishes that the appellant employer did offer the claimants an opportunity for retraining and re-employment and that none of these claimants accepted such offer. While ordinarily an offer of suitable employment when refused by a claimant will result in a disqualification from benefits, upon the present record, the offer of employment occurred at a time when there was an industrial controversy at the employer's premises. Section 593 (subd. 2, par. [b]) of the Labor Law specifically provides that the refusal of employment may not be deemed without good cause or a disqualification from benefits if there is a strike in the establishment in which the employment is offered. The various contentions made by the appellant employer in regard to the grant of benefits to the claimants herein were all properly determinable by the Unemployment Insurance Appeal

Board and, upon this appeal, it does not appear that the board's decision is infected by any error of law or without substantial evidence to support the same. Decision affirmed, with costs, in *Matter of Kingston*. Appeal dismissed, without costs and without prejudice, in *Matter of Sadallah*. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur.